UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL WAYNE WILLIAMS,<br><br>Defendant. | CASE NO. 2-23-CR-197<br><br>JUDGE GRAHAM<br><br>**INFORMATION**<br>18 U.S.C. § 1343<br><br>**FORFEITURE ALLEGATION** |

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information:

1. Defendant **MICHAEL WAYNE WILLIAMS** ("**WILLIAMS**") was a resident of Miami, Florida and elsewhere.

2. **WILLIAMS** was the founder and operator of Highguard Capital, LP (f/k/a Williams Capital Investments, LLC and Lightshield Capital, LP) ("Highguard") and Guardian Opportunity Management, LP (f/k/a Arclight Fund Management, LLC) ("Guardian Opportunity Management"). **WILLIAMS** was the sole individual associated with, and had sole control of, Highguard and Guardian Opportunity Management. **WILLIAMS** also exercised sole control over all bank accounts associated with Highguard and Guardian Opportunity Management. Some of these accounts were held at Citibank, N.A. Transactions associated with the Citibank, N.A. accounts caused interstate wires to transmit through a data processing center located within the Southern District of Ohio.

3. From approximately 2009 through at least 2016, **WILLIAMS**, acting through entities he founded and controlled, managed at least three private funds (collectively known as the "Old Private Funds"). In the third quarter of 2015, **WILLIAMS** incurred significant trading losses in the Old Private Funds. As a result, **WILLIAMS** informed investors in the Old Private Funds of his intent to conclude the Old Private Funds and redeem their remaining investments as of December 1, 2015 (*i.e.*, he would liquidate all of the investments of the Old Private Funds and return what remained, in cash, to the investors). Despite this representation, **WILLIAMS** continued to put investor money at risk in December 2015 and January 2016. **WILLIAMS** incurred additional trading losses in January 2016 totaling approximately $2,137,000 and, as a result, did not have enough money to repay his investors the anticipated redemption amount.

4. Beginning in or around 2016 and continuing through at least July 2023, in the Southern District of Ohio, and elsewhere, **WILLIAMS** knowingly, and with intent to defraud, devised, participated in, and executed a scheme to defraud investors and to obtain investors' money by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

## Purpose of the Scheme to Defraud

5. The allegations set forth in paragraphs 1 through 4 are re-alleged and incorporated herein by reference.

6. The purpose of this scheme was to induce investment into Guardian Opportunity Management so that **WILLIAMS** could misappropriate the investors' money for undisclosed and unauthorized purposes.

## Description of Scheme to Defraud

7. **WILLIAMS** encouraged investors to invest in Guardian Opportunity Management by telling them they would receive regular distributions once Guardian Opportunity

Fund—Guardian Opportunity Management's principal investment vehicle—had assets under management. In truth and in fact, **WILLIAMS** did not make these distributions and, instead, misappropriated investments made into Guardian Opportunity Management for unauthorized purposes, including, but not limited to, repaying old investors, paying legal expenses related to the Old Private Funds, and to settle civil lawsuits related to his management of the Old Private Funds.

8. In and around January and February 2021, **WILLIAMS** omitted material information from an investor in Guardian Opportunity Management, Victim 1. Specifically, **WILLIAMS** convinced Victim 1 to invest approximately $1,005,000 into Guardian Opportunity Management, and a related entity controlled by **WILLIAMS**, by falsely telling Victim 1 that the investment would lead to regular distributions based on Guardian Opportunity Fund's assets under management without exposing Victim 1's investment to the stock market. **WILLIAMS** intentionally failed to tell Victim 1 that Guardian Opportunity Management had not made distributions to any of its investors to that point, that in January 2021 Guardian Opportunity Fund's largest investor requested a redemption that, per the terms of that investor's subscription agreement, would take effect in May 2021 and would reduce Guardian Opportunity Fund's assets under management by approximately 90%, and that Victim 1's investment would be largely used to repay earlier investors in Guardian Opportunity Management who were threatening legal action against **WILLIAMS**.

9. On or about February 26, 2021, at or near Fulton, Mississippi, **WILLIAMS** obtained a check from Victim 1 made payable to Highguard for $1,005,000. The depositing of this check caused a wire to be transmitted in interstate commerce between Mississippi and the Southern District of Ohio.

3

## COUNT 1
### (Wire Fraud)

10. The factual allegations set forth in Paragraphs 1 through 9 of this Information are re-alleged and fully incorporated by reference herein.

11. From in and around 2016, and continuing until in and around July 2023, in the Southern District of Ohio and elsewhere, Defendant **MICHAEL WAYNE WILLIAMS** knowingly devised and intended to devise a scheme to defraud in order to deprive investors in Guardian Opportunity Management of money and property by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts, and for the purpose of executing the scheme, used, and caused another to use, wire communications in interstate commerce. As a result, **WILLIAMS's** investors suffered a loss of approximately $2,852,139.67.

### Wire Communications

12. On or about March 3, 2021, in the Southern District of Ohio and elsewhere, **MICHAEL WAYNE WILLIAMS**, for the purpose of executing the scheme described above and attempting to do so, did knowingly transmit, and caused to be transmitted, by means of wire communications, writings, signals, pictures, and sounds, in interstate commerce, to wit: the deposit of a check from Victim 1 for $1,005,000 into a Citibank, N.A. account ending in 0924 in the name of Highguard Capital.

**In violation of 18 U.S.C. §§ 1343 and 2.**

## FORFEITURE ALLEGATION

13. The allegations of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

14. Upon conviction of the offense in violation of 18 U.S.C. § 1343 as alleged in Count 1 of this Information, Defendant **WILLIAMS** shall forfeit to the United States, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or was derived from proceeds traceable to such offense, including, but not limited to at least $2,852,139.67 in United States currency in the form of a forfeiture money judgment.

15. <u>Substitute Assets</u>: If any property subject to forfeiture, as a result of any act or omission of the Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been comingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

**Forfeiture notice pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

KENNETH L. PARKER, UNITED
STATES ATTORNEY

GLENN LEON
CHIEF, FRAUD SECTION

_____
DAVID A. PETERS
Trial Attorney, Fraud Section
Department of Justice
1400 New York Ave., N.W.
Washington, DC 20005
Phone: (202) 616-5420
Email: David.Peters2@usdoj.gov


_____
ELISE KENT BERNANKE
Trial Attorney, Environmental Crimes Section
Department of Justice
150 M Street, N.E.
Washington, DC 20002
Phone: (202) 305-0373
Email: Elise.Kent.Bernanke2@usdoj.gov